■ GLORIA CHIZNER, Respondent, v WALTER BERNSTEIN et al., Appellants.—In an action to recover on a promissory note, commenced by motion for summary judgment in lieu of complaint, the appeal is from a judgment of the Supreme Court, Nassau County (Kelly, J.), entered August 17, 1984, which was in favor of the plaintiff.

Judgment affirmed, with costs.

On October 13, 1983, plaintiff, as wife and executor of her husband's estate, agreed to sell the estate's interest in the corporate defendants to defendant Walter Bernstein for $457,-398. $343,648 was paid prior to and at the time of the execution of the agreement; $13,750 was evidenced by a promissory note due November 1, 1983, and $100,000 by a promissory note which, with interest at 9% per annum from September 1, 1983, was due on February 24, 1984. The note due November 1, 1983 was paid; the note due on February 24, 1984 was not. Suit on the unpaid note was instituted by motion for summary judgment in lieu of compliant pursuant to CPLR 3213.

Although the mutual general releases as well as the agreement stated that the parties agreed to indemnify and hold each other harmless as to tax liabilities arising out of the prior conduct of the defendant corporations' business, or "claims or liabilities from investors or governmental agencies", there is no issue of fact indicating payment of either of the two promissory notes was to await ultimate determination of any possible indemnity obligation owing by plaintiff to the defendants. Indeed defendants do not claim that any such indemnity obligation has matured. Although it is possible that plaintiff may have to return part or all of the proceeds of the note (or, indeed, of the earlier payments made to her), it is unnecessary to decide at this point the extent, if any, of plaintiff's ultimate obligation to indemnify. There is no issue of fact indicating that the payment of the note itself was conditional. Mangano, J. P., Bracken, Rubin and Kunzeman, JJ., concur.